UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOMS AGAINST MERCURY, ...<br>KAREN PALMER, *et al.*,<br><br>    Plaintiffs<br><br>    v.<br><br>ANDREW VON ESCHENBACH<br>COMMISSIONER OF THE FDA, *et al.*,<br><br>    Defendants | Case No. 1:07–cv-02332-ESH-JMF<br><br>Judge Ellen S. Huvelle<br>Magistrate Judge John M. Facciola |

**PLAINTIFF KAREN PALMER'S MOTION TO VACATE
THE DISMISSAL OF HER CLAIMS, AND BRIEF IN SUPPORT THEREOF**

**I.  INTRODUCTION**

Plaintiff Karen Palmer, by and through her counsel, submits this Motion to Vacate the Dismissal of Her Claims.  For the reasons set forth below, this Motion should be granted.[1]

**II.  LEGAL ISSUE PRESENTED**

A client is not bound by a settlement agreement negotiated by her attorney when the client has not given the attorney actual authority to settle the case on those terms but has authorized the attorney to attend a settlement conference before a magistrate judge and to negotiate on her behalf and when the attorney leads the opposing party to believe that the client has agreed to those terms.

---

[1] Pursuant to the requirements of LCvR 7(m), Attorney James M. Love, representing the Plaintiff Palmer, attempted to contact Mr. Cutini regarding any objections to this Motion.  After consulting with their clients, Mr. Cutini and Mr. Senger later informed Mr. Love via a telephonic conference that they objected to this Motion and intended to oppose it.  Plaintiffs' counsel Mr. Charles Brown advised in a telephonic conference held on Thursday, June 12, 2008, that he would oppose this Motion.

### III. STATEMENT OF FACTS

Plaintiffs in this action are made up of non-profit corporations, public officials and individuals who filed this lawsuit against Defendants in December 2007 seeking an order from the Court requiring Defendants to remove from the marketplace all encapsulated mercury amalgam.

Plaintiffs also requested that the United States Food and Drug Association ("FDA") be ordered to classify mercury amalgam. [Petition, Dkt. No. 1] Movant Karen Palmer is a Certified Dental Assistant who is disabled as a result of her occupational exposure to mercury derived from encapsulated mercury amalgam. [Affidavit of Karen Palmer, attached hereto as Exhibit "E"] The other Plaintiffs in this matter are collectively represented herein by Charles G. Brown and Robert Reeves. Plaintiff Palmer has dismissed Mr. Brown as her attorney. Mr. Reeves has indicated that he will file a Motion to withdraw as her attorney.

A settlement conference in this matter was held on or about May 29, 2008. During the settlement conference, Mr. Brown purportedly represented to the Court and to Defendants that he had obtained settlement authority from all Plaintiffs to enter into a settlement with Defendants. Mr. Brown succeeded in reaching a settlement with the Defendants wherein FDA agreed to (1) complete the classification process for encapsulated amalgam alloy and dental mercury by July 28, 2009; (2) post specific material statements on its website and replace the current information posted there; and (3) stipulate to the dismissal of the action without prejudice, with each party to bear its own costs and attorney fees.

The settlement was executed by Mr. Brown — not by the Plaintiffs. Thereafter, Mr. Brown agreed to the Stipulation of Dismissal with prejudice and the case was dismissed on June 3, 2008.

Ms. Palmer did not approve the settlement, did not give Mr. Brown authority to enter into the settlement, and did not give Mr. Brown the authority to dismiss this case. [Palmer Affidavit, Exh.

"E"] Ms. Palmer first learned of the settlement when Mr. Brown called her on Sunday, June 1, 2008, and briefly told her of the settlement reached at the mediation held on Thursday, May 29, 2008. [2] [Palmer Affidavit, Ex. E]

On Monday, June 2, 2008, Ms. Palmer sent Mr. Brown an email raising questions about the settlement. [Palmer Affidavit, Ex. "E"; *See* email, attached hereto as Exhibit "B"]  The following day, Ms. Palmer received an email from Mr. Brown stating that the settlement had been completed the previous day, June 2nd.  [Palmer Affidavit, Ex. "E"; *See* email, attached hereto as Exhibit C] Thereafter, on June 6, 2008, Ms. Palmer learned from Mr. Reeves, co-counsel to Mr. Brown, that Mr. Reeves had just received a Stipulation of Dismissal Without Prejudice that had been signed by Mr. Brown, was filed with Pacer on Sunday, June 1, 2008, and entered by the Court on Wednesday, June 3, 2008.  [Palmer Affidavit, Ex. "E"]

Subsequently, on Sunday, June 8, 2008, at 3:20 pm, Mr. Brown sent Ms. Palmer an email with the settlement agreement attached. [Palmer Affidavit, Ex. "E"]  A copy of that agreement is attached hereto as Exhibit D.

After learning that Mr. Brown had settled and dismissed this action without her prior knowledge or approval, Ms. Palmer terminated Mr. Brown as her counsel. [Palmer Affidavit, Ex. "E"]  Ms. Palmer retained the undersigned counsel on Sunday, June 15, 2008, to represent her in this matter.

---

[2]  While Mr. Brown sent an email to Ms. Palmer on Friday evening, May 30th at 8:20 p.m., Ms. Palmer did not see the email until Sunday evening.  [Palmer Affidavit, Exh. "E"; *See* email, attached hereto as Exhibit "A"]

## IV. ARGUMENTS AND AUTHORITIES

### The Court Should Vacate The Stipulated Dismissal In This Matter Because Plaintiff Palmer Is Not Bound By The Settlement Agreement And Did Not Stipulate To The Dismissal Of This Case.

Under District of Columbia law, the decision to settle a case belongs to the client. Even where a client authorizes her attorney to attend a settlement conference and to negotiate on her behalf, this does not give the attorney the actual authority to settle the case on those terms. *See Makins v. District of Columbia,* 861 A.2d 590, 594-595 (D.C. Ct. of App. 2004); *see also Makins v. District of Columbia,* 389 F.3d 1303 (C.A.D.C. 2004) adopting response to certified question.

Ms. Palmer did not give Mr. Brown authority to settle this matter and had no knowledge of the terms of the settlement prior to execution of the agreement. Had Ms. Palmer received notice of the settlement prior to its execution, Ms. Palmer would not have agreed to its terms. Specifically, Ms. Palmer would not have agreed to allow the FDA over one year to complete the classification process for encapsulated amalgam and dental mercury. Rather, Ms. Palmer would have agreed to no more than three months for the completion of the classification process. This time period is particularly important to the settlement of this case given the dangerous and life threatening nature of the dental amalgam product.

Mr. Brown acted without the consent or authority of Ms. Palmer in agreeing to the settlement and dismissing this case.

Accordingly, the settlement agreement is of no force and effect and the dismissal of Ms. Palmer's claims without prejudice must be vacated. *See Makins*, 389 F.3d 1303 (setting aside the district court's enforcement of the agreement for further proceedings).

## V.  CONCLUSION

For the forgoing reasons, Plaintiff Karen Palmer respectfully requests that this Court vacate the dismissal of Plaintiff Karen Palmer's claims.

Respectfully submitted,

June 16, 2008
　　　　　　　　　　　　　　　　　　  /s/ James R. Klimaski
James R. Klimaski, #243543

Klimaski & Associates, P.C.
1625 Massachusetts Avenue NW
Suite 500
Washington, DC  20036-2245
Telephone: 202-296-5600
Fax: 202-296-5601
Klimaski@Klimaskilaw.com

*Local Counsel to Karen Palmer*

James M. Love
TITUS HILLIS REYNOLDS LOVE
  DICKMAN & McCALMON, P.C.
3700 First Place Tower
15 East Fifth Street
Tulsa, OK  74103-4334
Tel 918-587-6800
Fax 918-587-6822
jlove@titushillis.com

*Counsel to Karen Palmer*

### Certificate of Service

      I certify that the foregoing ***Plaintiff Karen Palmer's Motion to Vacate the Dismissal of Her Claims and Brief in Support Thereof*** and its Exhibits will be served to the following counsel for the parties in this case by the Court's CM/ECF system after proper filing of an Adobe PDF version of this item on the Court's secure website on June 16, 2008:

Drake Cutini
Consumer Litigation
U.S. Department of Justice
PO Box 386
Washington, DC 20044
Fax: 202-514-8742
Email: drake.cutini@usdoj.gov

Jeffrey M. Senger
Deputy Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
5600 Fishers Lane, Rm. 6A05
Rockville, MD 20857
Fax: 301-827-7145
Email: Jeffrey.Senger@fda.gov

Wendy Vicente
Office of the Chief Counsel
U.S. Food and Drug Administration
5600 Fishers Lane, Rm. 6A05
Rockville, MD 20857
Fax: 301-827-7145
Email: wendy.vicente@fda.gov

Charles G. Brown
Counsel for Plaintiffs
316 F Street NE
Suite 210
Washington DC 20002
Fax 202-544-6331
Email: charlie@toxicteeth.org

                                                */s/ Jon Pinkus*
                                                Jon Pinkus
                                                Klimaski and Associates, PC

# EXHIBIT A

From: Charlie Brown <charlie@toxicteeth.org>
To: Charlie Brown <charlie@toxicteeth.org>
Sent: Fri, 30 May 2008 8:28 pm
Subject: We did it...FDA agrees to classify, and even to re-write its website

Dear Clients

     We have gotten an incredible settlement w. FDA.  (1) We have met the goal of getting a date by which FDA will classify mercury fillings.  (2) The bonus, and it's a huge one, is that FDA has dramatically re-written its website, taking out its propaganda and false claims and replacing it with the fact that mercury fillings raises health questions, especially for children and for unborn babies, and for immuno-sensitive and high-mercury-body-burdened persons.  We got FDA to change its position on amalgam, just at the point it begins to write the rule.

     Our motion for an injunction (April 22) led to a court hearing (May 16), where Judge Ellen Huvelle ordered FDA and us into mediation.  We met with the mediator, Magistrate Judge Facciola, on Thurs. (May 29), where over four hours we hammered out an agreement.  FDA will classify mercury amalgam within one year of the close of public comments on its rule, on July 28, 2009.  Rule-making takes a long time, unfortunately; they have so many hurdles that Congress and the Office of Management & Budget have piled on.  So I insisted that FDA announce a new policy now, while it writes the rule, and FDA lawyers agreed.  Hence the drastic shift in the website, which I believe will be posted by the end of this week.

     Our cause has fought for so many years to get FDA to classify.  My work started in 2005, with petitions, then in 2006, with our first lawsuit.  Most of you were plaintiffs in that case too.  Then in 2007 came the current case.  The turning point was our motion for a preliminary injunction, because the Judge told FDA it would have to classify.

     I deeply appreciate not only your emotional support, but also the authority you gave me to make the critical decisions to reach the lawsuit's goal:  that FDA classify mercury amalgam.  We have met that goal, and then some.

     If you have objections, call me right away.  If you have questions, call me whenever you want.

Charlie
30 May 2008
ph. 202.544-6333
Charles G. Brown, National Counsel
Consumers for Dental Choice
316 F St., N.E., Suite 210, Washington, DC 20002
Ph. 202.544-6333; fax 202.544-6331

charlie@toxicteeth.org, www.toxicteeth.org

# EXHIBIT B

In a message dated 6/2/2008 3:19:43 P.M. Eastern Daylight Time, Pmikekaren writes:

Hi Charlie,

I see, now, at the bottom of this letter, that we are to respond with any question and or objections to the settlement. So..........

I can't help but wonder, if there wasn't an opportunity to have had this resolved before July 2009. It is more than a year away and alot of people are going to be poisoned between now and then, don't you think?

AND, for me and the other 266,000 dental assistants; where is that language in respect to them- being the "first" to be exposed?

In retrospect, now, Charlie, as a Plaintiff, I really wish I could have been there last week, as I was on May 16, to voice my concerns to this settlement. I feel the Judge, on June 2, would have not allowed more than 6 months, maximum, for the FDA to classify AND was really "for us", at least, that is what my instincts were telling me.

I know you now have Phila. on your mind and are most likely on your way up there, but I want to talk with you about my concerns ASAP and hope and pray it is not to late to move this process along for all those already affected and for all the future, unsuspecting patients/dental staff everywhere.

Best,
Karen

# EXHIBIT C

From: Charles Brown <brownchas@erols.com>
To: Charles Brown <brownchas@erols.com>
Sent: Tue, 3 Jun 2008 5:09 pm
Subject: We win court fight--FDA must classify mercury fillings

We Win -- FDA Must Classify Mercury Fillings

    We have won our ten-year battle to get the Food and Drug Administration to comply with the law and set a date to classify mercury amalgam.

    On Monday, we settled our lawsuit, Moms Against Mercury et al. v. Von Eschenbach, Commissioner, et al.  FDA will finish classifying within one year of the close of the public comment period on its amalgam policy, that is, by July 28, 2009.

    There's more good news.  During a several hour negotiation session, FDA agreed to change its website on amalgam -- dramatically.  Gone, gone, gone are all of FDA's claims that no science exists that amalgam is unsafe, or that other countries have acted for environmental reasons only, or that the 2006 Scientific Panel vote affirmed amalgam's safety.  Instead -- see http://www.fda.gov/cdrh/consumer/amalgaMs.html -- FDA has moved to a neutral course, while recognizing the serious health concerns posed by amalgam in particular for children and unborn children, for pregnant women, for those with mercury immuno-sensitivity or high mercury body burdens.  FDA now states, for example:

    Dental amalgams contain mercury, which may have neurotoxic effects on the nervous systems of developing children and fetus.

    Pregnant women and persons who may have a health condition that makes them more sensitive to mercury exposure, including individuals with existing high levels of mercury bioburden, should not avoid seeking dental care, but should discuss options with their health practitioner.

    Perfect?  No.  A 180-degree reversal from FDA's 30-year policy of protecting mercury fillings?  Absolutely.

    To change FDA policy, we tried petitions, Congressional hearings, state fact sheet laws, Scientific Advisory Committee hearings, and letters galore -- to no avail.  So in the great American tradition, we sued.  The case came to a head this spring.  On April 22, working with Johann Wehrle and Gwen Smith, I filed a motion for an injunction before Judge Ellen Huvelle.  Three sets of briefs later, the government and I presented our oral arguments on May 16.  In a

crucial ruling, Judge Huvelle ruled that our 11 plaintiffs -- the diverse group listed below -- have standing. She said FDA should classify, and invited the two sides to mediate. On May 30, before Magistrate Judge John Facciola, Bob Reeves (who flew in from Lexington KY) and I hammered out an agreement with FDA officials and lawyers.

The impact of the re-writing of its position on amalgam can hardly be understated. FDAâ's website will no longer be cited by the American Dental Association in public hearings. FDA shows awareness of the key issues involved. As it prepares to classify amalgam, FDA has moved to a position of neutrality. Indeed, having repeatedly raised the question of amalgam's risk to children, young women, and the immuno-sensitive persons in its website, I find it inconceivable that FDA will not in some way protect them in its upcoming rule.

Charlie Brown
3 June 2008

PS 1: Our talented (and pro bono publico) legal team includes Consumers for Dental Choice president Sandy Duffy, Bob Reeves, Johann Wehrle, Sandra Keech, Mike McClory, and Gwen Smith; Larry Pilot served as legal advisor on the FDCA.

PS 2: Great appreciation to our gutsy plaintiffs, a team of four nonprofit groups, two public officials, three dental professionals, and two consumer victims: Moms Against Mercury (Amy Carson and Angela Medlin), Connecticut Coalition for Environmental Justice (Dr. Mark Mitchell), Oregonians for Life (Mary Starrett), mercury expert Michael Bender (in his capacity as Commissioner of a Vermont advisory board on mercury), Arizona Senator Karen Johnson, Dr. Andy Landerman, Dr. Corrie Crowe, dental assistant Karen Palmer, consumer advocates Linda Brocato and Anita Vazquez Tibau, and (of course) Consumers for Dental Choice.

Charles G. Brown, National Counsel
Consumers for Dental Choice
316 F St., N.E., Suite 210, Washington, DC 20002
Ph. 202.544-6333; fax 202.544-6331
charlie@toxicteeth.org, www.toxicteeth.org

# EXHIBIT D

SETTLEMENT AGREEMENT

The parties in <u>Moms Against Mercury, et al. v. Andrew von Eschenbach, et al.</u>, Civ. No. 07-2332 (ESH/JMF) (D.D.C.) (filed Dec. 28, 2007), hereby agree to the following:

1. The United States Food and Drug Administration agrees that it will complete the classification process for encapsulated amalgam alloy and dental mercury, referenced in 73 Fed. Reg. 22,877 (Apr. 28, 2008), by July 28, 2009.

2. The United States Food and Drug Administration will post the attached material on its website, replacing the material currently at that site.

3. The parties will stipulate to the dismissal of the above-referenced case, without prejudice, with each party to bear its own costs and attorney fees.

FOR PLAINTIFFS:

*[signature]*
CHARLES G. BROWN
316 F. Street, N.E., Suite 210
Washington, D.C. 20006
202-544-6333

FOR DEFENDANTS:

*[signature]*
DRAKE CUTINI
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
202-307-0044

*[signature]*
WENDY S. VICENTE
Associate Chief Counsel
U.S. Dept. of Health & Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, MD 20857
(301) 827-7138

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOMS AGAINST MERCURY, ...**<br>**KAREN PALMER,** *et al.,*<br><br>          **Plaintiffs**<br><br>                    v.<br><br>**ANDREW VON ESCHENBACH**<br>**COMMISSIONER OF THE FDA,** *et al.,*<br><br>          **Defendants** | Case No. 1:07–cv-02332-ESH-JMF<br><br>Judge Ellen S. Huvelle<br>Magistrate Judge John M. Facciola |

### AFFIDAVIT OF KAREN PALMER

**DISTRICT OF COLUMBIA**     )
                             ) ss:
                             )

    I, Karen Palmer, of lawful age, being first duly sworn upon oath state as follows:

    1.    I submit this affidavit in support of Plaintiff Karen Palmer's Motion To Vacate The Dismissal in the referenced matter.

    2.    I have personal knowledge regarding the statements contained herein.

    3.    I am a Plaintiff in this case. I am a Certified Dental Assistant, who is disabled from mercury to which I was exposed occupationally.

    4.    I did not approve the settlement entered in this case, did not give my attorney, Charles G. Brown, authority to enter into the settlement, and did not give Mr. Brown the authority to dismiss this case.

    5.    I first learned of the settlement when Mr. Brown called me on Sunday, June 1st and told me quickly of a great victory which took place by way of settlement at the mediation on the previous Thursday, May 29th. Mr. Brown had apparently sent me an email on Friday evening, May 30th at 8:20 p.m. explaining the settlement. However, I did not see the email until Sunday evening. The email I received from Mr. Brown on May 30th is attached to the Motion to Vacate as Exhibit "A."

      6.      On Monday, June 2nd, I sent Mr. Brown an email raising questions about the settlement. The email that I sent to Mr. Brown is attached to the Motion to Vacate as Exhibit "B".

      7.      The following day, I received an email from Mr. Brown which stated that the settlement had been completed the previous day, June 2nd. The email that I received from Mr. Brown on June 3rd is attached to the Motion to Vacate as Exhibit "C".

      8.      Thereafter, on June 6th, I learned from Mr. Reeves, co-counsel to Mr. Brown, that he had just found a Stipulation of Dismissal Without Prejudice that had been signed by Mr. Brown, was filed with Pacer on Sunday, June 1, 2008, and entered on Wednesday, June 3, 2008. Subsequently, on Sunday, June 8 at 3:20pm, Mr. Brown sent me an email with the settlement agreement attached. A copy of that agreement is attached as Exhibit D to the Motion to Vacate.

      9.      After learning that Mr. Brown had settled and dismissed this action without my prior knowledge or approval, I fired Mr. Brown as my counsel. I retained Attorneys James M. Love and James R. Klimaski on Sunday, June 15th to represent me in this matter.

      I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on June 16, 2008.


                                                 ***/s/ Karen Palmer***
                                                 Karen Palmer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOMS AGAINST MERCURY, ...**<br>**KAREN PALMER,** *et al.,*<br><br>    **Plaintiffs**<br><br>        v.<br><br>**ANDREW VON ESCHENBACH**<br>**COMMISSIONER OF THE FDA,** *et al.,*<br>**Facciola**<br><br>    **Defendants** | Case No. 1:07–cv-02332-ESH-JMF<br><br>Judge Ellen S. Huvelle<br>Magistrate Judge John M. |

## ORDER

**UPON CONSIDERATION** of Plaintiff Karen Palmer's Motion to Vacate Dismissal, and any oppositions and replies thereto, the Court finds that said Motion should be **GRANTED**.

**IT IS HEREBY ORDERED** that Defendant's Motion to Vacate Dismissal is hereby granted.

**DATED** this _____ day of _____ 2008.

_____
Ellen S. Huvelle
United States District Judge

Copies to Counsel
via the Court's CM/ECF
Notification System.